Anthony J. Nunes (SBN 290224)
Nunes Worker Rights Law, APC
15260 Ventura Blvd, Suite 1200
Sherman Oaks, CA 91403
Telephone: 530-848-1515
Fax: 424-252-4301
tony@nunesworkerrightslaw.com

Attorneys for Plaintiffs JAMES KING, KRISIA BARRERA, SHEMICKA
JOHNSON on behalf of themselves and all others similarly situated

## UNITED STATE DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES KING, KRISIA BARRERA, SHEMICKA JOHNSON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AXLEHIRE, INC., a California corporation, doing business as AXLEHIRE, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. **Unlawful Misclassification**<br>2. **Discrimination**<br>3. **Failure to Prevent Discrimination**<br>4. **Failure to Pay Minimum Wage**<br>5. **Failure to Reimburse**<br>6. **Failure to Pay Overtime**<br>7. **Failure to Provide Meal Periods**<br>8. **Failure to Provide Rest Periods**<br>9. **Violation of Labor Code Sections 201- 203**<br>10. **Failure to Provide Accurate Wage Statements**<br>11. **Unfair Business Practices (Bus. & Practices Section 17200)**<br>12. **Collective Action - Violation of the Fair Labor Standards Act**<br><br>**DEMAND FOR JURY TRIAL** |

KING ET AL. V. AXLETHIRE, INC. - COMPLAINT

Plaintiffs JAMES KING, KRISIA BARRERA, and SHEMICKA JOHNSON ("Plaintiffs") allege, on behalf of themselves and on behalf of all others similarly situated, causes of action against Defendants, each of them, as follows:

## I.

## <u>INTRODUCTION</u>

1.      This is an action brought on behalf of current and former drivers for AXLETHIRE, INC, and (hereinafter "Defendant" or "Axlehire").  Axlehire operates a restaurant delivery courier service business in California, including in Los Angeles County.

2.      Plaintiffs are former delivery drivers for Axlehire in California. Plaintiffs and other Axlehire drivers were paid as exempt "independent contractors," and not as non-exempt, hourly employees, as required by law for commercial drivers like Plaintiffs and the class they seek to represent.

3.      Axlehire misclassified and continues to misclassify its drivers as independent contractors, when under California law, these drivers must be classified as non-exempt, hourly workers.

4.      Axlehire drivers have no discretion or supervising authority while performing their driving duties for Axlehire.  All of the drivers who work for

Axlehire are required to comply with requirements and policies imposed on them by Axlehire.

5.    Axlehire implements, controls, and manages, all Axlehire driver policies, pick-up and delivery, scheduling, marketing, accounting, and customer service.  All driving work by Axlehire drivers is fully integrated into Axlehire's business.

6.    Axlehire exercises full control over the policies and procedures for its drivers.  Axlehire exercises full control over when, where, and for whom Axlehire drivers make Axlehire deliveries.

7.    Axlehire's misclassification of its drivers as independent contractors is a violation of the California Labor Code as well as California Industrial Welfare Commission ("IWC") Wage Order No. 9-2001, as amended ("Wage Order No. 9") which include:

     a.    Failing to reimburse its drivers for employment-related expenses, including fuel, mileage, and insurance;

     b.    Failing to pay its drivers overtime compensation for hours worked in excess of 8 hours in one day and/or 40 hours in one week;

     c.    Failing to pay its drivers premium wages for missed meal periods;

d.    Failing to pay its drivers premium wages for missed rest periods;

e.    Failing to pay its drivers minimum wage as required by California law for every hour worked;

f.    Failing to maintain accurate employment records for its drivers in California; and

g.    Failing to pay its drivers amounts owed at the end of employment.

8.    Plaintiffs seek unpaid wages and overtime, reimbursement for fuel and mileage, and related Labor Code violations, on behalf of themselves and the proposed class and subclasses.

## II.

## PARTIES

### Plaintiffs

9.    Plaintiff JAMES KING has been employed as a driver for Defendant in Los Angeles Area since April 2017.

10.    Plaintiff KRISIA BARRERA was employed as a driver for Defendant in Los Angeles from March 2017 to December 2017.

11.    Plaintiff SHEMICKA JOHNSON was employed as a driver for Defendant in the San Francisco Bay Area from October 2015 to November 2016.

12.     Plaintiffs were not reimbursed for any of their work-related expenses, including fuel, mileage, or maintenance for their vehicle.

13.      Plaintiffs were never paid an hourly wage or overtime for their work for Defendant.

14.     Plaintiffs were not provided with an opportunity to take meal or rest breaks.  Plaintiffs were not compensated any monies in lieu of these breaks.

**Defendants**

15.     AXLETHIRE, INC, is a California corporation, regularly and systematically doing business in the County of Los Angeles, and throughout California.

16.     Defendants primary business is to delivery perishable meals, produces, and other goods for Defendant's clients.

17.     Plaintiffs are informed and believe that Defendant's clients include Imperfect Produce, Thistle, GoodEggs, and Greenwheels, among others.

18.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 100, inclusive, are currently unknown to Plaintiffs, who therefore sue Defendants by such fictitious names under California Code of Civil Procedure §474.  Plaintiffs are informed and believe, and based thereon allege, that each of the defendants designated herein as a DOE is legally responsible in some manner for the

unlawful acts referred to herein. Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

19.    Plaintiffs are informed and believe, and based thereon allege, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendant.

20.    Defendants in all respects acted as the employer of Plaintiffs and the putative class.  Plaintiffs are informed and believe and thereon allege that at all times relevant to this action, the named Defendant and Defendants DOES 1 through 100 were affiliated and were an integrated enterprise.

21.    Plaintiffs are informed and believe and thereon allege that at all relevant times each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiffs and the other class members, and exercised control over the wages, hours, and working conditions of Plaintiffs and the other class members.

22.    Plaintiffs are informed and believe and thereon allege that, at all relevant times, each defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation,

successor in interest and/or predecessor in interest of some or all of the other

Defendants, and was engaged with some or all of the other Defendants in a joint

enterprise for profit, and bore such other relationships to some or all of the other

Defendants so as to be liable for their conduct with respect to the matters alleged

below.

23.    Plaintiffs are informed and believe and thereon allege that each

defendant acted pursuant to and within the scope of the relationships alleged

above, that each defendant knew or should have known about, authorized,

ratified, adopted, approved, controlled, aided and abetted the conduct of all other

Defendants; and that each defendant acted pursuant to a conspiracy and

agreement to do the things alleged herein.

## III.

## <u>PLAINTIFFS'S CLAIMS</u>

24.    Axlehire is a company which hires drivers to retrieve and deliver

meals, produce, and other perishable goods on behalf of Axlehire's clients.

25.    Axlehire drivers undergo a background check, are screened,

controlled, and paid by Axlehire.

26.    Axlehire drivers are subject to and required to abide by Axlehire's

uniform policies, rules, and procedures.

KING ET AL. V. AXLEHIRE, INC. - COMPLAINT

27.     In an effort to avoid providing its drivers with the minimum benefits and protections afforded to employees in California, Axlehire willfully and uniformly misclassified its drivers as independent contractors.

28.     Defendants created a culture that was overtly and pervasively discriminatory against Non-Mongolians and/or people not of Mongolian origins.

29.     Defendants systematically gave better delivery routes (i.e. faster, shorter, easier routes) to it Mongolian drivers.

30.     Non-Mongolian drivers were repeatedly terminated in favor of Mongolian drivers.

31.     Defendants terminations were often pretextual and based on false pretenses of wrongdoing.

32.     Over time Defendants have systematically replaced its Non-Mongolian drivers with Mongolians and/or people of Mongolian decent.

33.     Plaintiffs and the class they seek to represent have made complaints with Defendants concerning discrimination against Non-Mongolians.

34.     Defendants failed to take the complaints of discrimination by Plaintiffs and the class they seek to represent seriously, and failed to perform reasonable investigations of their complaints.

35.     Axlehire required Plaintiffs to pay for all employment-related expenses, including fuel, mileage, and auto insurance.

36.     Axlehire dictates, supervises, and controls the manner and methods by which Axlehire drivers accomplish their work.

37.     Axlehire unilaterally sets the price of each delivery route.

38.     Plaintiffs and class members were regularly paid less than minimum wage because the delivery pay rate set by Axlehire divide by hours worked resulted in drivers receiving less than the California minimum wage.

39.     Axlehire retains the right to hire and fire drivers.

40.     Axlehire drivers do not engage in a business distinct from that of Axlehire.

41.     Axlehire drivers' work does not involve any managing, supervising, or discretionary duties.

42.     Plaintiff use Axlehire's vans and their own personal vehicles to make deliveries.  Aside from their vehicles, Axlehire drivers have no monetary significant investment in Axlehire.

43.     Axlehire does not pay its drivers a wage for each hour, or portion thereof, worked.  Instead, Axlehire pays its drivers using a flat rate per route, determined solely and unilaterally by Axlehire.  As a result, Axlehire drivers are not paid for all of the hours worked, not paid at least the minimum wage required by California law for each hour worked, and not paid overtime compensation for hours worked in excess of 8 hours a day and/or 40 hours a week.

KING ET AL. V. AXLETHIRE, INC. - COMPLAINT

44.     Based on Defendants' misclassification of Plaintiffs and other Axlehire drivers as independent contractors, Plaintiffs seek to represent a class of Axlehire drivers for reimbursement.  Axlehire drivers are required to bear many of the expenses of their employment, including expenses for their vehicle, gas, insurance, and other expenses.

45.     California law requires employers to reimburse employees for such expenses, as they are for the benefit of the employer and are necessary for the employees to perform their jobs.  Axlehire failed and continues to fail to reimburse its drivers for such expenses.

46.     In addition, based on their misclassification as independent contractors, Axlehire drivers do not/did not receive meal breaks, or rest breaks as required by the California Labor Code and Wage Order No. 9.

47.      Further, based on their misclassification as independent contractors, Axlehire drivers did not receive accurate wage statements.

48.     Plaintiffs are a former Axlehire drivers who were misclassified by Axlehire as an independent contractor.  Plaintiffs' primary duties were non-exempt and he had little, if any, discretion in their driving work for Axlehire.

/ / /

/ / /

/ / /

KING ET AL. V. AXLETHIRE, INC. - COMPLAINT

1
2

## IV.

## CLASS ALLEGATIONS

3
4          49.      Plaintiffs brings this cause of action on behalf of themselves and on
5
behalf of all persons similarly situated, ("the class") as alleged herein.  This
6
7    action is brought and may properly be maintained as a class action pursuant to the
8    provisions of California Code of Civil Procedure section 382, Federal Rule 23,
9
and other applicable law pertaining to class actions.
10
11          50.      The proposed class Plaintiffs seek to represent is presently defined as
12   follows:
13
14          Proposed Class:
15          All Axlehire drivers who work or have worked for Axlehire in
16          California within the four years prior to the date of the filing of this
             Complaint through the date of the final disposition of this action.
17
18          51.      The proposed subclasses Plaintiffs seek to represent is presently
19   defined as follows:
20
             Meal Period and Rest Break Subclass:
21
22          All persons who have worked for Defendant during the Liability
             Period who are owed unpaid wages for missed meal periods and rest
23          breaks.
24
             Failure to Pay Overtime subclass:
25
26          All persons who have worked for Defendant during the Liability
             Period who are owed under the Labor Code for unpaid overtime.
27
28          52.      Plaintiffs are a member of the proposed class and subclasses.

53.     There is a well-defined community of interest in the litigation and the class is ascertainable.

A.     **<u>Numerosity</u>**: The class is so numerous that individual joinder of all members is impractical under the circumstances of this case. While the exact number of class members is unknown to Plaintiffs at this time, Plaintiffs are informed and believe and thereon allege that the class consists of 400 persons or more.

B.     **<u>Common Questions Predominate</u>**:  Common questions of law and fact exist as to all class members, and predominate over any questions that affect only individual members of the class.  The common questions of law and fact include, but are not limited to:

   i.   What were and are the policies, programs, practices, procedures and protocols of Defendants regarding class members' actual work and tasks, and their job duties irrespective of job titles;

   ii.  Whether Defendants are and were subject to overtime requirements contained in the California IWC Wage Orders and other California law with respect to the class members pursuant to Labor Code Section 510, and Wage Order, No. 4-2001, for the period commencing four years prior to the date of the filing of this complaint and continuing through the date of judgment;

iii.  Whether Defendants' policy and practice of classifying class

members as exempt from overtime entitlement under California law

and Defendants' policy and practice of failing to pay overtime to the

California class members violate applicable provisions of California

law, including applicable statutory and regulatory authority;

iv.  Whether Defendants unlawfully failed to pay overtime

compensation in violation of the California Unfair Competition Law,

Cal. Bus. & Prof. Code §17200 et seq., and the California Labor

Code and related regulations, Cal. Labor Code §§ 201, 202, 203,

226, 510, 1174, 1174.5, and 1194, the applicable Cal. Wage Orders;

v.  Whether Defendants violated California law by their policies,

programs, practices, procedures and protocols regarding rest periods

for class members;

vi.  What were and are the policies, programs, practices, procedures and

protocols of Defendants regarding furnishing to the class members,

upon each payment of wages, itemized statements required by Labor

Code section 226;

vii.  Whether Defendants violated California law by their policies,

programs, practices, procedures and protocols regarding furnishing

KING ET AL. V. AXLETHIRE, INC. - COMPLAINT

to the class members, upon each payment of wages, itemized
statements required by Labor Code section 226;

viii.  Whether Defendants violated Business & Professions Code sections
17200 *et seq.* by their policies, programs, practices, procedures and
conduct referred to in this cause of action;

ix.  Whether Defendants obtained voluntarily waivers with consent and
full disclosure, and whether a written signed waiver is effective as to
all future meal and rest periods;

x.  The proper *measure of* damages sustained and the proper measure
of restitution recoverable by members of the California class; and,

xi.  Additional common questions of law and fact may develop as the
litigation progresses.

C.    **Typicality**: Plaintiffs' claims are typical of the claims of the class.
Plaintiffs and other class members sustained losses, injuries and damages arising
out of the Defendants' common policies, programs, practices, procedures, and
course of conduct referred to in each cause of action and throughout this
Complaint, which were applied uniformly to class members as well as Plaintiffs.
Plaintiffs seek recovery for the same types of losses, injuries, and damages as
were suffered by the other class members as well as Plaintiffs.

D.   **Adequacy**: Plaintiffs and their counsel will fairly and adequately protect the interests of the class.  Plaintiffs have no interest that is adverse to the interests of the other class members.

E.   **Superiority**:  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all class members is impractical.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender.  Also, because the losses, injuries and damages suffered by each of the individual class members are small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The cost to the court system and the public of adjudication of individual litigation and claims would be substantial, and substantially more than if the claims are treated as class action.  Individual litigation and claims would also present the potential for inconsistent or contradictory results.

F.   **Public Policy Considerations**: Defendants and other employers throughout the state violate wage and hour laws.  Current employees are often

afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are often fearful of bringing claims because doing so can harm their employment and future employment and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity that allows for vindication of their rights while eliminating these risks, or at least enormously reducing them.

## V.

## CAUSES OF ACTION

### First Cause of Action

**Unlawful Misclassification**
**(Labor Code § 226.8)**

54.     Plaintiffs incorporate all previous paragraphs of this Complaint as though fully set forth herein.

55.     California Labor Code section 226.8 provides: "It is unlawful for any person or employer to engage in any of the following activities: (1) Willful misclassification of an individual as an independent contractor.  (2) Charging an individual who has been willfully misclassified as an independent contractor a fee, or making any deductions from compensation, for any purpose, including for goods, materials, space rental, services, government licenses, repairs, equipment maintenance, or fines arising from the individual's employment where any of the

KING ET AL. V. AXLETHIRE, INC. - COMPLAINT

acts described in this paragraph would have violated the law if the individual had not been misclassified."

56.     Defendants and each of them, have violated Labor Code Section 226.8 by willfully misclassifying Plaintiffs and the class members as independent contractors and by charging Plaintiffs and the class members fees and making unlawful deductions from their compensation.

57.     As a result of Defendants' actions in violation of Labor Code Section 226.8, Plaintiffs and the class members have suffered and continue to suffer, damages according to proof at trial.

58.     Pursuant to Labor Code Section 226.8(b), "If the Labor and Workforce Development Agency or a court issues a determination that a person or employer has engaged in any of the enumerated violations of subdivision (a), the person or employer shall be subject to a civil penalty of not less than five thousand dollars ($5,000) and not more than fifteen thousand dollars ($15,000) for each violation, in addition to any other penalties or fines permitted by law.

59.     Pursuant to Labor Code Section 226.8 (c):  "If the Labor and Workforce Development Agency or a court issues a determination that a person or employer has engaged in any of the enumerated violations of subdivision (a) and the person or employer has engaged in or is engaging in a pattern or practice of these violations, the person or employer shall be subject to a civil penalty of

not less than ten thousand dollars ($10,000) and not more than twenty-five thousand dollars ($25,000) for each violation, in addition to any other penalties or fines permitted by law."

60.     Hence, Plaintiffs and each class member are entitled to and hereby seek, payment from Defendant of civil penalties pursuant to Labor Code Sections 226.8(b) and (c).

### Second Cause of Action

**Discriminating in Compensation or Terms, Conditions or Privileges of Employment**
**[Government Code section 12900 et seq.]**

61.     Plaintiffs incorporate all previous paragraphs of this Complaint as though fully set forth herein.

62.     Plaintiffs allege that Defendants discriminated against Plaintiffs and the class they seek to represent based on their race and national origin in their compensation and in terms, conditions, and privileges of employment, including without limitation failing to pay overtime due to their race and national origin, and requiring Plaintiffs and the class they seek to represent to work without pay due to their race and national origin.

63.     Defendants created a culture that was overtly and pervasively discriminatory against Non-Mongolians and/or people not of Mongolian origin.

KING ET AL. V. AXLETHIRE, INC. - COMPLAINT

64.     Defendants systematically gave better delivery routes (i.e. faster, shorter, easier routes) to it Mongolian drivers.

65.     Non-Mongolian drivers were repeatedly terminated in favor of Mongolian drivers.  Defendants terminations were often pretextual and based on false pretenses of wrongdoing.

66.     Over time Defendants have systematically replaced its Non-Mongolian drivers with Mongolians and/or people of Mongolian decent.

67.     Plaintiffs and the class they seek to represent have made complaints with Defendants concerning discrimination against Non-Mongolians.

68.     The alleged adverse treatment was reasonably likely to impair the job performance or prospects for advancement of Plaintiffs and the class they seek to represent.

69.     As a result of Defendants' acts and omissions alleged above, Plaintiffs and the class they seek to represent suffered injuries and damages in an amount according to proof.

70.     As a proximate result of Defendants' wrongful conduct, Plaintiffs and the class they seek to represent suffered damages in an amount subject to proof, but which is in excess of the jurisdictional minimum of this Court, and which includes but is not limited to accrued but unpaid salary, bonuses and

benefits (including prejudgment interest thereon), front pay, severance pay, and other compensatory and punitive damages.

## Third Cause of Action

### Failure to Prevent Discrimination
### [Government Code section 12900 et seq.]

71.     Plaintiffs incorporate all previous paragraphs of this Complaint as though fully set forth herein.

72.     Plaintiffs and the class they seek to represent allege that Defendants failed to take reasonable steps necessary to prevent the alleged discrimination and harassment based on the race and national origin of Plaintiffs and the class they seek to represent.

73.     Plaintiffs and the class they seek to represent allege that Defendants have a duty of care to prevent discrimination and harassment in the workplace.

74.     By allowing discrimination and harassment to occur based on the race and national origin of Plaintiffs and the class they seek to represent, Defendant breached this duty of care.

75.     As a result of Defendants' acts and omissions alleged above, Plaintiffs and the class they seek to represent suffered injuries and damages in an amount according to proof.

76.     As a proximate result of Defendants' wrongful conduct, Plaintiffs and the class they seek to represent suffered damages in an amount subject to

proof, but which is in excess of the jurisdictional minimum of this Court, and which includes but is not limited to accrued but unpaid salary, bonuses and benefits (including prejudgment interest thereon), front pay, severance pay, and other compensatory and punitive damages.

## Fourth Cause of Action

**Violation of California Labor Code §§ 1182.12, 1194, 1197 and 1197.1
(Unpaid Minimum Wages)**

77.    Plaintiffs incorporate all previous paragraphs of this Complaint as though fully set forth herein.

78.    Defendants unilaterally set a price of each delivery route.

79.    Plaintiffs and class members were regularly paid less than minimum wage because the delivery pay rate set by Axlehire divide by hours worked resulted in drivers receiving less than the California minimum wage.

80.    Labor Code Section 1194 provides in pertinent part: "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

81.    Labor Code Section 1197 provides that the "minimum wage for employees fixed by the commission or by any applicable state or local law, is the

minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful."

82.    Defendants violated California Labor Code sections 1182.12, 1194, 1197, 1197.1 and the applicable Wage Order, Wage Order No. 9, by willfully failing to pay all minimum wages due to Plaintiffs and the class members.

83.    Plaintiffs and the class members seek all actual, consequential and incidental losses and damages, including, unpaid minimum wages, interest thereon, attorneys' fees, and costs.

84.    In addition to the above- amounts, Plaintiffs and the class they seek to represent will seek to recover one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid for any initial violation that is intentionally committed,  and two hundred fifty dollars ($250) for each subsequent violation for the same specific offense, for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed.

**Fifth Cause of Action**

**Failure to Reimburse**
**(Labor Code §§ 2802)**

85.    Plaintiffs incorporate all previous paragraphs of this Complaint as though fully set forth herein.

86.    Labor Code section 2802(a) provides: "An employer shall indemnify their or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of their or her duties, or of their or her obedience to the directions of the employer."

87.    Throughout the class period, Plaintiffs and all other class members incurred necessary expenditures in direct consequence of their duties as Defendants' drivers and/or their obedience to Defendants' directions, for which they received no reimbursement, including, but not limited to, gas, mileage and maintenance.

88.    Labor Code section 2802(b) provides for interest on all awards made by a court from the date upon which the employee incurred the necessary expenditure or loss.

89.    Labor Code section 2802(c) provides that "necessary expenditures or losses" includes all reasonable costs including attorney's fees incurred by the employee to enforce the rights afforded under this provision.

90.    Defendants misclassify drivers as independent contractors, and fails to reimburse them for expenses they paid, including, gas, mileage and vehicle maintenance, that should have been borne by their employer, which constitutes a violation of California Labor Code Section 2802.

91.　　In failing to reimburse Plaintiffs and class members for expenses paid, Defendants acted maliciously with the wrongful intention of causing injury and hardship to Plaintiffs and class members by reaping economic gain at Plaintiffs and the class members' expense, in willful and conscious disregard of Plaintiffs and class members' statutory and regulatory rights.

92.　　Plaintiffs and the class members are entitled to recover an award from Defendant of the full amount of all unreimbursed necessary expenditures, plus interest and reasonable attorneys' fees.

## **Sixth Cause of Action**

**Failure to Pay Wages at Overtime Rate**
**(Labor Code §§ 510, 1194, 1198 and 1199, IWC Wage Orders,**
**and Related Violations)**

93.　　Plaintiffs incorporate all previous paragraphs of this Complaint as though fully set forth herein.

94.　　Throughout the period applicable to this cause of action, Plaintiffs and the class members worked in excess of forty (40) hours per week and/or in excess of excess of eight (8) hours per day.

95.　　Throughout the period applicable to this cause of action, Defendants did not pay Plaintiffs or class members at the required overtime rates for the work described in the preceding paragraphs.

96.     Labor Code Section 1194(a) provides in pertinent part: "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney s fees, and costs of suit." Plaintiffs and the class members were denied the legal minimum wage and the legal overtime compensation as detailed herein.  Pursuant to California Labor Code section 1194, Plaintiffs and the class members are entitled to recover unpaid overtime compensation, and other unpaid wages, plus interest, plus attorneys' fees and costs.

97.     Wage Order No. 9 provide that employees in California shall not be employed more than 8 hours in a day and/or 40 hours in a week, unless they received additional compensation beyond their regular rate of pay in amounts set by law.

98.     Plaintiffs and the class members worked in excess of 8 hours a day and/or 40 hours a week as drivers for Defendants.

99.     Defendants failed to pay Plaintiffs and the other class members, premium overtime compensation for the hours they worked in excess of the maximum hours permissible by law (Labor Code §1198).

100.   As a direct and proximate result of Defendants' unlawful conduct and failure to pay premium overtime compensation, as set forth herein, Plaintiffs and the class members have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

101.   Pursuant to Labor Code Section 1199, "Every employer or other person acting either individually or as an officer, agent, or employee of another person is guilty of a misdemeanor and is punishable by a fine of not less than one hundred dollars ($100) or by imprisonment for not less than 30 days, or by both, who does any of the following: (a) Requires or causes any employee to work for longer hours than those fixed, or under conditions of labor prohibited by an order of the commission. (b) Pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission. (c) Violates or refuses or neglects to comply with any provision of this chapter or any order or ruling of the commission."  Defendant violated section 1119 as described herein.

## Seventh Cause of Action

### Failure to Provide Meal Periods
### (Labor Code §§ 226.7 and 512)

102.   Plaintiffs incorporate all previous paragraphs of this Complaint as though fully set forth herein.

103.   Throughout the period applicable to this cause of action, California law, as set forth in relevant part by the Industrial Welfare Commission Wage Order No. 9 at section (11), provided as follows:

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes . . .

(B) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

104.   Labor Code Section 512 states that an "employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes" if and when such employees work more than 5 hours in any given workday.  Labor Code Section 512 further requires two 30 -minute duty-free meal periods when an employee works more than 10 hours in any given workday.

105.   Labor Code section 226.7 requires payment of one (1) hour of pay in lieu of each meal periods not provided by the employer.

106.   Throughout the period applicable to this cause of action, Defendants failed to consistently allow and provide one or more duty-free 30-minute meal periods in violation of Labor Code section 510 and Wage Order No. 9, as required by California law.

107.   By virtue of this unlawful conduct, Plaintiffs and the class members are entitled to compensation as stated above, plus interest, attorneys' fees, costs and other applicable relief.

108.   Throughout the period applicable to this cause of action, Defendants required Plaintiffs and the class members to work during meal periods mandated by the applicable orders of the Industrial Welfare Commission.  Therefore, Plaintiffs and the class members are entitled to be paid as stated in Labor Code section 226.7, plus interest, attorneys' fees, costs and other applicable relief.

109.   On information and belief, Plaintiffs allege that the class members did not voluntarily or willfully waive rest and/or meal periods and were regularly required to work through meal periods.  Defendants failed to meet the requirements for lawful on-duty meal periods and/or instituted a course of conduct that created a working environment in which non-exempt employees were incapable of taking rest and/or meal periods.  As such, non-exempt employees were intimidated or coerced into waiving meal periods, and any written waivers were obtained without full disclosure and are thus involuntarily and without consent.

110.   Plaintiffs and the class they seek to represent request relief as described herein.

## Eight Cause of Action

### Failure to Provide Rest Periods
### (Labor Code § 226.7)

111.    Plaintiffs incorporate all previous paragraphs of this Complaint as though fully set forth herein.

112.    Wage Order No. 9, Section 12, requires each employer to provide each of its employees with at least one rest period of 10-minutes rest time for each 4 hours, or major fraction thereof, that each such employee works during each workday.

113.    Labor Code Section 226.7 provides that if an employer fails to provide an employee with a rest period in accordance with Wage Order No. 9, the employer must pay such employee(s) one additional hour of pay at the employee's regular rate of pay for each day that such a rest period was not provided.

114.    By their failure to provide rest periods for every four (4) hours or major fraction thereof worked per workday by non-exempt employees, and failing to provide one (1) hour's pay in lieu thereof, as alleged above and herein, Defendants willfully violated the provisions of Labor Code sections 226.7 and IWC Wage Orders at section (12).

115.    By failing to keep adequate time records required by sections 226 and 1174(d) of the Labor Code and IWC Wage Order at section (7), Defendants

have injured Plaintiffs and class members and made it difficult to calculate the

unpaid rest and meal period compensation due Plaintiffs and members of the

Plaintiffs class.  On information and belief, Plaintiffs allege that Defendants'

failure to maintain accurate records was willful.

116.   As a result of the unlawful acts of Defendants, Plaintiffs and the

class members they seek to represent have been deprived of premium wages in

amounts to be determined at trial, and are entitled to an accounting and recovery

of such amounts, plus interest and penalties thereon, attorneys' fees, and costs,

under the Labor Code and the applicable IWC Wage Orders.

## Ninth Cause of Action

## Violation of Labor Code Sections 201- 203

117.   Plaintiffs incorporate all previous paragraphs of this Complaint as

though fully set forth herein.

118.   Plaintiffs and many of the other class members quit or were

discharged from their employment within the statute of limitations period

applicable to this cause of action.

119.   Defendants failed to pay said employees, without abatement, all

wages (as defined by applicable California law) within the time required by

applicable California law.  Among other things, these employees were never paid

any of the overtime compensation referred to in this Complaint, nor were they

KING ET AL. V. AXLETHIRE, INC. - COMPLAINT

paid the other unpaid wages referred to in this Complaint.  Defendants' failure to pay said wages within the required time was willful within the meaning of Labor Code section 203.

120.   As of the filing of the Complaint, Defendants failed to timely pay wages due, and Plaintiffs and class members are owed penalties pursuant to Labor Code sections 201, 202, 203.

121.   Therefore, each of these employees is entitled to one day's wages for each day he or she was not timely paid all said wages due, up to a maximum of thirty days' wages for each employee.  Because none of said employees were ever paid the overtime wages to which they were entitled, and were never paid other unpaid wages referred to in this Complaint, each employee is entitled to thirty days' wages.

### Tenth Cause of Action

### Failure to Furnish Accurate Wage Statements
### (Labor Code §§ 226(b), 1174, 1175)

122.   Plaintiffs incorporate all previous paragraphs of this Complaint as though fully set forth herein.

123.   Labor Code section 1174(d) requires that every employee maintain "payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate aid to, employees employed" in California.

124.    Wage Order No. 9, Section 7 requires every employer in California to "keep accurate information with respect to each employee including"… "[t]ime records showing when the employee begins and ends each work period. Meal periods, split shift intervals and total daily hours worked shall also be recorded."

125.    Plaintiffs are informed and believe and upon that basis allege, that Defendant has failed to maintain accurate records in compliance with Labor Code section 1174 and/or Wage Order No. 9 for Plaintiffs and the class.  Pursuant to Labor Code Section 1174.5, Plaintiffs and the class are entitled to each collect a civil penalty from Defendant in the amount of $500.

126.    Labor Code section 226 requires each employer to furnish accurate itemized wage statements at the time of payment reflecting (1) the gross wages earned, (2) the total hours worked, except for those whose compensation is based solely on a salary and who is exempt, (3) the number of piece-rate units earned and any applicable piece-rate if the employee is paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the dates of the period for which the employee is paid, (7) the name of the employee and last four digits of the employee's social security number or identification number, (8) the name and address of the legal entity that is the employer , and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee beginning July 1, 2013.

127.   Throughout the period applicable to this cause of action, Defendants intentionally failed to furnish to Plaintiffs and the class members, upon each payment of wages, itemized statements accurately showing, among other matters: total hours worked, the applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate.

128.   Plaintiffs and the class members were damaged by these failures because, among other things, the failures led them to believe that they were not entitled to be paid overtime, even though they were so entitled, and because the failures hindered them from determining the amounts of overtime wages owed to them.

129.   Plaintiffs and the class members are entitled to the amounts provided for in Labor Code section 226(e), which provides for each employee to recover from Defendant fifty dollars ($50) for the initial pay period in which a violation occurred, and one-hundred dollars ($100) per class member for each violation in a subsequent pay period, not to exceed an aggregate penalty of $4,000 per class member.

130.   Plaintiffs and the class members are entitled to an award of attorney fees plus costs.

/ / /

/ / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Eleventh Cause of Action**

**Violation of Unfair Competition Law**
**(Bus. and Prof. Code § 17200 *et seq.*)**

131.   Plaintiffs incorporate all previous paragraphs of this Complaint as though fully set forth herein.

132.   Plaintiffs bring this action on behalf of themselves and each and all members of the general public, including the class, pursuant to Business and Professions Code sections 17200 *et seq.*  Defendants' conduct alleged above constitutes unlawful business acts and practices in violation of Business & Professions Code sections 17200 *et seq.*  Defendants engaged in unfair competition in violation of the UCL by violating, *inter alia,* each of the following laws, Labor Code sections 201, 202, 203, 226, 226.7, 226.8, 510, 512, 1174, 1175, 1182.12, 1194, 1197, 1197.1, 1198, 1199, and 2802, and applicable Wage Orders, including Wage Order No. 9.

133.   Defendants' course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Defendants' conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.  The harm to Plaintiffs and the class members in being wrongfully denied lawfully earned wages outweighs the utility, if any, of Defendants' policies

or practices and, therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of the UCL.

134.   The unlawful and unfair business practices and acts of Defendants, and each of them, described above, have injured the class members in that they were wrongfully denied the payment of earned overtime wages.

135.   Plaintiffs, on behalf of themselves and the class, seek restitution in the amount of the respective unpaid wages earned and due at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, or eight hours in a day, and double the regular rate of pay for work performed in excess of twelve hours per day and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

136.   Pursuant to Business and Professions Code sections 17200 *et seq.*, for the statute of limitations period covered by this cause of action, Plaintiffs and the class members are entitled to restitution for at least the following:  the unpaid overtime earnings and other unpaid earnings withheld and retained by Defendants referred to above.

137.   Plaintiffs, the class members, and the general public are also entitled to permanent injunctive and declaratory relief prohibiting Defendants from engaging in the violations and other misconduct referred to above.

138.   Defendant is also liable to pay attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable law, and costs.  The Plaintiffs, on behalf of themselves and all class members, also seek recovery of attorneys' fees and costs of this action to be paid by Defendant, as provided by the UCL and California Labor Code §§ 218, 218.5, and 1194.

## Twelfth Cause of Action

### Violations of the Fair Labor Standards Act ("FLSA," 29 U.S.C. 201, *et seq.*)

139.   At all times relevant herein, Plaintiffs and the collective class members are/were employed with Defendants as "employees" within the meaning of the FLSA.

140.   Plaintiffs are informed and believe, and thereon allege, that Defendants have required collective class members, as part of their employment, to work without receiving the minimum wage for all hours worked, under 29 U.S.C. § 206(a).  That section provides the following: "Every employer shall pay to each of their employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the [minimum wage]."

141.   Under the FLSA, an employer must pay an employee at least one and one-half times their or her regular rate of pay for each hour worked in excess

of forty hours per workweek.  Plaintiffs are informed and believe, and thereon

allege, that Defendants have required, or require collective class members, as part

of their employment, to work without additional compensation, such as overtime

pay, in excess of the forty hours per week maximum under 29 U.S.C. § 207(a)(1).

That section provides the following: "Except as otherwise provided in this

section, no employer shall employ any of their employees for a workweek longer

than forty hours unless such employee receives compensation for their

employment in excess of the hours above specified at a rate which is not less than

one and one-half times the regular rate at which he is employed."

142.    Plaintiffs are informed and believe, and based hereon, allege that

Defendants have required and/or require the collective class members, as part of

their employment, to work without compensation for all hours worked, to work

beyond forty hours per week without the payment of overtime compensation,

and/or to work at a wage less than the minimum wage, pursuant to, *inter alia*, 29

U.S.C. §§ 206 and 207(a)(1).

143.    The FLSA claims are brought not only for alleged overtime

violations, but also for alleged off-the-clock and minimum wage violations as

well.  Indeed, in the performance of their duties for Defendants, Plaintiffs and

collective class members often did work over forty hours per week, yet did not

receive straight or overtime compensation for the work, labor and services they

provided to Defendants, as required by the FLSA.  The precise number of unpaid overtime hours will be proven at trial.

144.   Defendants' violations of the FLSA were willful and are ongoing.

145.   Plaintiffs propose to undertake appropriate proceedings to have the collective class members aggrieved by Defendants' unlawful conduct notified of the pendency of this action and given the opportunity to join this action as Plaintiffs, pursuant to 29 U.S.C. § 216(b), by filing written consents / joinders with the Court.

146.   Attached hereto as Exhibit 1 is each Plaintiff's signed FLSA consent to join.

147.   As a result of Defendants' unlawful conduct, Plaintiffs and the collective class members have suffered damages as set forth herein.

148.   As a result of the foregoing, Plaintiffs seek judgment against Defendants on their own behalf, and on behalf of those collective class members similarly situated who file written consents to join in this action, for all unpaid wages, including overtime wages owed by Defendants to Plaintiffs and the collective class members, pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, and costs, interests, and reasonable attorneys' fees, pursuant to, *inter alia*, 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves and all members of the class, pray for relief as follows:

1.     That the Court determine that this action may be maintained as a class action;

2.     That Plaintiffs be appointed the representative of the proposed class and subclasses;

3.     That the attorneys of record for Plaintiffs whose names appear in this Complaint be appointed class counsel;

4.     For civil penalties pursuant to Labor Code Sections 226(e), 226.8(b) and (c), 1174.5, 1197.1

5.     For compensatory damages representing the amount of unpaid wages owed to Plaintiffs and the class members;

6.     For compensatory damages, representing the amount of unpaid overtime compensation owed to Plaintiffs and all others similarly situated;

7.     For compensatory damages pursuant to Labor Code Section 226.7 for missed meal and rest breaks;

8.     For compensatory damages pursuant to Labor Code Section 2802;

9.     For reasonable attorneys' fees and costs pursuant to Labor Code Sections 1194, 2802(c), 226(e);

KING ET AL. V. AXLETHIRE, INC. - COMPLAINT

10.    For such general and special damages as may be appropriate;

11.    For liquidated damages as authorized pursuant to Labor Code Sections 1194.2,

12.    For waiting time penalties and civil penalties for all class members no longer in Defendants' employ at the time of Judgment;

13.    For pre-judgment interest;

14.    For restitution as described in the cause of action under Business & Professions Code §§ 17200 *et seq.* above;

15.    For permanent injunctive and declaratory relief described in the cause of action under Business & Professions Code §§ 17200 *et seq.* above;

16.    A declaratory judgment that the practices complained of herein are unlawful under California state law;

17.    Attorney's fees and costs of suit, including expert fees pursuant to California Labor Code §§218.5, 1194, and Calif. Code Civ. Proc. §1021.5; and

18.    Such other injunctive and equitable relief as the Court deems proper.

**DATED:** March 14, 2018                        **NUNES WORKER RIGHTS LAW, APC**

By:  Anthony J. Nunes, Esq.
Attorneys for Plaintiffs, JAMES KING,
KRISIA BARRERA, and SHEMICKA
JOHNSON, on behalf of themselves and all
others similarly situated